27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chad Christopher THOMPSON, Defendant-Appellant.
 No. 93-5820.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CR-93-97)
 Joseph Kaestner, Kaestner & Associates, Richmond, VA, for appellant. Helen F. Fahey, U.S. Atty., John G. Douglass, Asst. U.S. Atty., Linda R. Scott, Third Year Law Student, Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Chad Christopher Thompson was convicted by a jury of conspiracy to sell firearms to a convicted felon, 18 U.S.C.Sec. 371 (1988), and of selling firearms to a convicted felon on two occasions, 18 U.S.C.A. Sec. 922(d) (West 1976 & Supp.1994), 18 U.S.C.Sec. 2 (1988). He appeals the fifteen-month sentence he received, alleging that the district court clearly erred in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1992). We affirm.
 
 
 2
 In his trial testimony, Thompson admitted all the acts with which he was charged, but claimed that he acted at his employer's direction without realizing that the sales in question were illegal. He continued to protest his innocence after he was convicted; at the same time, he objected to the probation officer's recommendation that no adjustment for acceptance of responsibility should be given.
 
 
 3
 We do not find clear error in the district court's denial of the adjustment.* The reduction for acceptance of responsibility is not intended to apply to a defendant who goes to trial contesting his factual guilt, except in special circumstances. Acknowledgment of criminal conduct, coupled with a denial of guilt, may demonstrate acceptance of responsibility when the defendant is challenging the applicability of the statute to his conduct. U.S.S.G. Sec. 3E1.1, comment. (n.2). However, the evidence in this case did not support such a challenge, or warrant a continued denial of guilt after Thompson's convic tion. Therefore, the district court did not clearly err in denying the adjustment.
 
 
 4
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Unaccountably, the joint appendix does not contain a transcript of the sentencing hearing. The district court docket sheet discloses that the adjustment was denied, and the parties agree that it was. Because the resolution of this issue is straightforward, we have not asked the parties to supplement the joint appendix